IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RENEE MARIE ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-114-SM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Renee Marie Armstrong (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision that she was not "disabled" under the terms of the Social Security Act. See 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Doc. 12. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the court reverses and remands the Commissioner's decision.

**I.  Disability determination.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 404.1520(a)(4)(ii); *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ will conduct a residual functional capacity (RFC)[1] assessment at step four to determine what Plaintiff can still do despite her impairments. *See* 20 C.F.R. § 404.1520(a)(4)(iv); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner at step five to show Plaintiff retains the capacity to perform a different type of work and that such a specific job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

## II. Administrative proceedings.

Plaintiff protectively filed for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, alleging disability since July 1, 2012. After the Social Security Administration (SSA) denied Plaintiff's claims for disability insurance benefits, she requested and received a hearing before an Administrative Law Judge (ALJ). AR. 105-21, 130-31, 63-104.

The ALJ subsequently found Plaintiff: (1) was severely impaired by "colitis, orthostatic hypotension, osteoarthritis, fibromyalgia and obesity"; (2) had the RFC "to perform a wide range of light work" with a variety of limitations; (3) could perform her past relevant work as a nursery school attendant and daycare supervisor, with "a 50% reduction of the job base" for the former position; (4) could also perform the following occupations: residential supervisor, child support worker, and social service caseworker; and (5) was not disabled. *Id.* at 47-56. The SSA's Appeals Council found no reason to review the ALJ's decision, which then became the Commissioner's final decision. *Id.* at 1-6.

## III. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal

standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). In determining whether substantial evidence exists, the court "will not reweigh the evidence." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). As the Tenth Circuit has cautioned, "common sense, not technical perfection, is [the court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

## IV. Claimed error.

Under "Points of Error," Plaintiff lists two errors: (1) "[t]he ALJ committed reversible legal error by failing to properly evaluate [plaintiff's] ability to perform her composite past relevant work at step four of the sequential evaluation," and (2) "[t]he ALJ's findings regarding Mrs. Armstrong's transferable skills at step five of the sequential evaluation were legally flawed and not supported by substantial evidence." Doc. 15, at 7, 10.

## V. Analysis.

### A. Past relevant work determination.

Plaintiff maintains the ALJ erred at her step-four determination that Plaintiff could "perform her composite past relevant work." *Id.* at 7. The vocational expert (VE) testified that Plaintiff "actually has two job titles for

4

the one job." AR 69. She was a child care provider nursery school attendant (Dictionary of Occupational Titles (DOT) 359.677-018), "also known as" Day Care Worker, and "was the Director and took care of all the business part, as well as, and the planning and that kind of thing." AR 68-69; 55, 82; *see* DOT 092.167.010. The ALJ's questioning to the VE focused on splitting out those two jobs. AR 100, 68-69, 81-82. For example, the VE testified Plaintiff actually performed the nursery school attendant position at a medium, "semiskilled" level, SVP of 4. *Id.* at 82. The DOT categorizes the exertional level as light. *See id.* As to the day care supervisor, position "since [Plaintiff] did multiple jobs it's skilled, per description of that work with medium," SVP 7. *Id.*

The ALJ formulated a proper hypothetical for the VE. *Id.* at 99-100. The following colloquy then took place:

> ALJ: Under this hypothetical only could such a person perform the past jobs or if you want to have that split out because even though it was a combo job, could the person do that work?
>
> VE: Such an individual could do the Day Care Center Director position, that was the 092 job. The Day Care Worker maybe 50 percent of the occupational base would remain with that sit/stand reduction, but the entire occupational base would not.
>
> ALJ: Okay, so the Day Care Supervisor would have about 50 percent of the jobs then?
>
> VE: Yes, as described by the DOT, not *as performed by the claimant*.

5

ALJ: Okay.

*Id*. at 100 (emphasis added). The ALJ found Plaintiff "able to perform each of the jobs of nursery school attendant [DOT 359.677-018] and daycare supervisor/director [DOT 092.167.010] as generally performed, with a 50% reduction in jobs available for nursery school attendant." *Id*. at 55. The ALJ then moved on to step five. *Id*. The Commissioner does not dispute the ALJ's step-four error, but argues it is harmless. Doc. 22, at 6 n.7.

In POMS DI 25005.020(B), 2011 WL 4753471, the Commissioner clarified that because composite jobs have no counterpart in the DOT, Agency adjudicators must not evaluate such jobs "at the part of step 4 considering work 'as generally performed in the national economy.'" In other words, an adjudicator can deny a claim at step four where the claimant remains capable of performing a composite job "as actually performed," but is not permitted to make an adverse step-four finding that the claimant remains capable of performing a composite job "as generally performed." *Id*.; *see* SSR 82-61, 1982 WL 31387, *2 ("Composite jobs" are jobs that require the performance of significant elements of two or more jobs, and "have no counterpart in the DOT."); *Kawelo v. Colvin,* No. CV 15-223 DKW-KSC, 2016 WL 3983223, at *9 (D. Haw. July 25, 2016) ("Under the Agency's pertinent interpretive guidance, *the ALJ is not to utilize the DOT to conclude a plaintiff can perform*

6

*a past relevant composite job,* since those jobs are, given their specialized nature, not 'generally performed' as contemplated by the applicable rules and regulations.") (unpublished order) (emphasis added) (citation omitted) *Comeau v. Comm'r of Soc. Sec.*, No. 15-10650, 2016 WL 1253315, at *9 (E.D. Mich. March 30, 2016) (unpublished opinion and order) ("A claimant is only capable of performing a past relevant composite job if he can perform each of the separate components of the position."); *see also Neikirk v. Massanari,* 13 F. App'x 847, 849 (10th Cir. 2001) (noting that while "the POMS lacks the force of law, it is persuasive").

Neither the ALJ nor the VE explicitly mentioned the term "composite," but a fair reading of the evidence of record supports the conclusion that Plaintiff's past job, one she held for 28 years, was a composite one. *See* POMS DI 25005.020(B), 2011 WL 4753471; AR 55, 68-69, 81-82. Here, because the ALJ split the "two job titles for the one job" and, relying on the VE's testimony, concluded she could perform both *as generally performed* she committed legal error. *See* AR 69, 55; POMS DI 25005.020(B), 2011 WL 4753471.

B. **Transferable skills error.**

The ALJ's step-four error might be harmless if the Commissioner meets her burden to prove the existence of other work in significant numbers.

7

Plaintiff argues the ALJ's findings in this regard were "legally flawed and not supported by substantial evidence." Doc. 15, at 10. The VE testified Plaintiff's "transferable skills of attending to the needs of others and the supervisory skills developed in the Director position or supervisor position" resulted in three jobs available in significant numbers. AR 99-101. The ALJ agreed and concluded Plaintiff could perform the sedentary, skilled jobs of residential supervisor, DOT 187.167-186; child support worker, DOT 195.267-022; and social services caseworker, DOT 195.107-010. AR 56-57.

Plaintiff was under age 55 when she applied for benefits, but was 55 and of advanced age at the time of the ALJ's decision. *See* 20 C.F.R., pt. 404, subpt. P, app. 2, § 201.00(d). As the Commissioner points out, where, like Plaintiff, a claimant is over age 55, is limited to sedentary work, and has transferable skills to sedentary occupations, "there must be little, if any vocational adjustment required in terms of tools, work processes, work settings or the industry." SSR 82-41, 1982 WL 31389, at *5; *see* Doc. 22, at 11.

The VE testified that for each position there would be "very little if any adjustment" in the Materials Products Services and the Methods area, because these "are in the same coding group. . . ." AR 101. And, "the work activity is accommodating code 291," the "same" as Plaintiff's "past work."

*Id.* As to industry, the VE testified "you're going from a home-based industry to private sector industry. . . . That's somewhat different but if you look at the coding, the coding is described by the DOT as that these skills can be used in any industry. . . . So I think that there *might be some moderate amount of adjustment* in the industry area . . . ." *Id.* (emphasis added). The ALJ asked no follow-up question but moved on to a more restrictive hypothetical. *Id.* at 102.

The Commissioner argues that "[a] complete similarity of [all of the SSR 82-41] factors is not necessary." Doc. 22, at 11 (quoting SSR 82-41, 1982 WL 31389, at *5). This sentence refers to the similarity of tools, and work processes and settings—it says nothing about industry. *See* SSR 82-41, 1982 WL 31389, at *5-6. The Commissioner suggests a court may overlook the industry transferability issue—emphasizing the use of the conjunction "or" in the regulation. Doc. 22, at 11 (quoting SSR 82-41, 1982 WL 31389, at *5). As Plaintiff argues, the Commissioner provides no case law to support this construction. Doc. 23, at 5. While the Court agrees the ALJ may take administrative notice of reliable government publications, the similarity of work codes is not dispositive. See Doc. 22, at 10-11; AR 101-02. Only one position, residential supervisor, had the identical work field code for accommodating as did that of nursery school attendant. And as the court has

9

concluded, the ALJ's step-four determination addressed only that job as generally performed. Further, the other jobs entail additional skills such as investigation, counseling, litigation, and analytical skills. See DOT 195.267-022; DOT 195.107-010.

The Commissioner also argues SSR 82-41's special provisions for an individual age 55 anticipate that some job skills "have universal applicability across industry lines" like those at issue here. Doc. 22, at 11, 12. While this may be true, the VE did *not* testify Plaintiff's adjustment would be "very little, if any . . . ." in terms of industry as she had done regarding other aspects of transferable skills. SSR 82-41, 1982 WL 31389, at *5. The VE testified "there might be some moderate amount of adjustment" required "going from a home-based industry to private sector industry." AR 101. The Commissioner bears the burden at step five and the ALJ did not follow up to have the VE clarify her testimony. *Id.*; *see id.* at 56-57 (ALJ's decision crediting VE's testimony to be "consistent" with the DOT and considering Plaintiff's "transferable work skills"). The ALJ's conclusion is not supported by substantial evidence with regard to the transferability of skills.

## VI. Conclusion.

The court REVERSES and REMANDS the Commissioner's decision.

ENTERED this 4th day of November, 2016.

*[signature]*
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE